UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH WILLIAMS, #234758,**

    Petitioner,

                                  Civil No: 07-CV-12897
                                  Honorable Arthur J. Tarnow
                                  Magistrate Judge Virginia M. Morgan

**KENNETH ROMANOWSKI,**

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF
APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C.
§2244(b)(3)(A) AND DENYING PENDING MOTION AS MOOT**

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254.[1] Petitioner is a state prisoner confined at Gus Harrison Correctional Facility in Adrian, Michigan. When Petitioner initially filed his habeas petition, Kenneth Romanowski was his warden. However, Thomas K. Bell is presently serving as warden of the correctional facility. Petitioner was convicted on November 24, 1993 of two counts of first-degree murder, Mich. Comp. Laws, §750.316; assault with intent to rob while armed, Mich. Comp. Laws §750.89; and felony firearm, Mich. Comp. Laws §750.227b. He was sentenced on December 20, 1993 to life imprisonment, five to ten years' imprisonment, and a two year term of imprisonment, respectively. Petitioner is challenging the constitutionality of his conviction. For the reasons stated below, the

---

[1] Petitioner's habeas pleading is titled as a "Motion for Declaratory Judgment Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. sec. 2201." However, the content of Petitioner's pleading clearly challenges the constitutionality of his 1993 conviction for first-degree murder, assault with intent to rob while armed, and felony firearm.

Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. BACKGROUND

Petitioner filed a habeas corpus petition in this district challenging his 1993 conviction, and his request for habeas relief was denied because his petition was filed beyond the applicable statute of limitations. See *Williams v. Smith,* No. 00-CV-60335 (E.D. Mich. May 22, 2001). Petitioner did not appeal the district court's judgment, but instead sought authorization from the United States Court of Appeals for the Sixth Circuit Court for the district court to consider another habeas corpus petition under 28 U.S.C. §2254. The Sixth Circuit denied Petitioner's motion for an order authorizing the district court to consider a second or successive habeas corpus petition on October 12, 2004. *In re: Kenneth Karl Williams,* No: 04-1170 (6th Cir. Oct. 12, 2004) (unpublished).

On July 15, 2005, Petitioner filed a "Petition for Writ of Habeas Corpus Ad Subjiciendum with Certiorari" which was dismissed without prejudice on August 11, 2005 with the district court stating as follows:

> Ordinarily, the Court transfers second and successive habeas petitions to the Court of Appeals for screening pursuant to 28 U.S.C. §1631 and *Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997). Petitioner, however, has already sought, and been denied permission to file another habeas petition, and this Court has no jurisdiction to consider an unauthorized second or successive habeas petition. *Sapp v. Patton,* 118 F.3d 460, 461-62, 464 (6th Cir. 1997).

*Williams v. Booker,* No. 05-CV-72794 (E.D. Mich. Aug. 11, 2005).

On February 22, 2006, Petitioner filed another petition for writ of habeas corpus. *Williams v. Booker,* No. 06-CV-10787 (E.D. Mich. March 7, 2006). Despite the fact that Petitioner was

already denied authorization to file a second or successive habeas petition on October 12, 2004 relative to his 1993 conviction, the district court transferred the petition to the Sixth Circuit Court of Appeals instead of dismissing the matter for the following reason:

> Petitioner filed the pending habeas corpus petition on February 22, 2006 claiming that his Sixth Amendment right to a speedy trial was violated . . . Although Petitioner sought permission to file a second habeas petition and was denied in 2004, the issues he was challenging at that time are completely unrelated to the habeas claim and supporting documentation presently before the Court . . . Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition relative to the *claim* before the court as required by 28 U.S.C. §2244(b)(3)(A).

*Id.* After the district court's transfer of the matter, the Sixth Circuit Court of Appeals dismissed Petitioner's habeas action for want of prosecution, as he failed to cure certain defaults with his filing. *In re: Kenneth Karl Williams,* No: 06-1322 (6th Cir. May 4, 2006) (unpublished).

On April 11, 2006, Petitioner filed another petition for writ of habeas corpus. *Williams v. Caruso,* No. 06-CV-11739 (E.D. Mich. June 20, 2006). The district court transferred the matter to the Sixth Circuit Court of Appeals stating as follows:

> The Sixth Circuit Court of Appeals has held that when a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000) . . . Therefore, a petition filed after the dismissal of a petition on procedural grounds is a second or successive petition requiring authorization from the Sixth Circuit Court of Appeals. *Cook,* at 607-08.

*Id.* After the district court's transfer of the matter, the Sixth Circuit Court of Appeals again dismissed Petitioner's habeas action for want of prosecution, as he again failed to cure certain defaults with his filing. *In re: Kenneth Karl Williams,* No: 06-1854 (6th Cir. Aug. 10, 2006) (unpublished).

On October 16, 2006, Petitioner filed another petition for writ of habeas corpus entitled "Emergency Petition for Writ of Habeas Corpus to be Issued Immediately Forthwith Pursuant to 28 U.S.C. §2243" *Williams v. Booker,* No. 06-CV-14527 (E.D. Mich. Nov. 1, 2006). The district court again transferred the matter to the Sixth Circuit Court of Appeals stating that due to the prior filing and dismissal of *Williams v. Smith,* No. 00-CV-60335 (E.D. Mich. May 22, 2001), Petitioner must obtain authorization from the Sixth Circuit Court of Appeals in order to file a second or successive petition. *Williams v. Booker,* No. 06-CV-14527 (E.D. Mich. Nov. 1, 2006). After the district court's transfer of the matter, the Sixth Circuit Court of Appeals again dismissed Petitioner's habeas action for want of prosecution, as he again failed to cure certain defaults with his filing. *In re: Kenneth Karl Williams,* No: 06-2602 (6th Cir. March 31, 2007) (unpublished).

Petitioner has now filed the pending habeas petition under the guise of a declaratory judgment motion. Petitioner states that he wants that Court to review the following issues relative to his 1993 conviction: "whether the failure of the Third Judicial Circuit Court to acquire personal and subject matter jurisdiction over the Petitioner and his state criminal case prior to trial, violated his right to due process and equal protection of law under the United States Constitution" and "whether the violation resulted in a radical jurisdiction defect which rendered the Petitioner's conviction and subsequent Judgment of Sentence Commitment to the Michigan Department of Corrections absolutely void." (Pet. at 1).

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to

*Williams v. Romanowski*,
Case No: 07-CV-12897

consider the petition. 28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit Court must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed several habeas petitions with the federal courts challenging the same conviction as that which is currently being challenged in this Court. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, see *Harris v. Stovall,* 22 F.Supp.2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Even if, Petitioner had not filed the pending motion to transfer this case to the Sixth Circuit Court of Appeals, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See *Williams v. Stegall,* 945 F.Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive petition, it would be error for this court to dismiss the petition as being time-barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998).

The Court notes, however, that the Sixth Circuit Court of Appeals has previously denied authorization for this Court to consider a second or successive habeas petition relative to various claims stemming from Petitioner's challenge to his 1993 conviction. The Sixth Circuit stated that Petitioner cited to no claim that fell within either category under 28 U.S.C. §2244 which would sustain a basis for filing a second or successive habeas petition; and that the claims he asserted at that time could have been raised earlier during the state appellate proceedings. *In re: Kenneth Karl Williams,* No: 04-1170 (6th Cir. Oct. 12, 2004) (unpublished). Despite that fact, Petitioner has filed five subsequent habeas petitions, varying in form and content, in an attempt to circumvent the Sixth Circuit's October 12, 2004 decision denying authorization to file such successive petitions. As set forth above in most of the previously filed habeas petitions, once the district court transfers the matter to the Sixth Circuit, Petitioner allows the case to be dismissed for want of prosecution. Petitioner has clearly established a cyclical pattern of habeas filings relative to his 1993 conviction.

*Williams v. Romanowski*,
Case No: 07-CV-12897

### III.  CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and *In re Sims,* 111 F. 3d at 47.

IT IS FURTHER ORDERED that Respondent's "Motion to Transfer Petitioner's Successive Petition for Writ of Habeas Corpus" [dkt. #8]  is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Summary Judgment"[dkt. #9]  is **DENIED** as **MOOT.**


                                            S/Arthur J. Tarnow
                                            Arthur J. Tarnow
                                            United States District Judge

Dated:  August 19, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 19, 2008, by electronic and/or ordinary mail.

                                            S/Catherine A. Pickles
                                            Judicial Secretary